CENTRAL MILL COMPANY, LIMITED, *v.* A. J. CAMP-
BELL, TREASURER OF THE TERRITORY OF
HAWAII.

ORIGINAL.

ARGUED JANUARY 8, 1907.        DECIDED JANUARY 10, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ..

TAXATION—*capital stock authorized.*

    Act 91, Laws of 1905, requiring that upon the filing of a certifi-
    cate of incorporation in the office of the treasurer of the Territory
    there shall be paid "twenty-cents for each thousand dollars of the
    total amount of capital stock authorized," imposes a tax upon the
    amount of capital stock issued or authorized by the company not
    including the additional amount which, by the articles of associa-
    tion, the company has the privilege of issuing by increasing its
    capital stock.

OPINION OF THE COURT BY HARTWELL, J.

Act 91, Laws of 1905, provides that "On filing any certifi-
cate or other paper, relative to corporations, in the office of the
treasurer of the Territory, in addition to the stamp duty and
recording fee now charged, the following fees and taxes shall
be paid to the treasurer of the Territory for the use of the Terri-
tory. For certificate of incorporation, twenty-cents for each
thousand dollars of the total amount of capital stock authorized,
but in no case less than twenty-five dollars," etc.

It is agreed that on June 19, 1906, there were presented for
filing in the office of the treasurer of the Territory articles of
association of the Central Mill Company, Limited, in due form
of law, which have been duly approved, filed and recorded in
the office of the treasurer, and that the said company is now and
since June 19, 1906, has been a duly organized and incorporated

joint stock company under the laws of the Territory; that the articles of association provide that "The amount of capital stock of said corporation shall be Three Hundred Seventy Five Thousand Dollars ($375,000.), divided into Three Thousand Seven Hundred Fifty (3,750) shares of the par value of One Hundred Dollars ($100.) each; and the corporation shall have the privilege of increasing the amount of its capital stock to a sum not exceeding Five Million Dollars ($5,000,000.), and issuing shares therefor accordingly."

The treasurer claimed that the statute required the company to pay a tax on $5,000,000 as its authorized capital, but the company claimed that it was taxable only on the sum of $375,000, being $925 less than the tax claimed by the treasurer. The amount in dispute, $925, was paid under protest and received upon the agreement that if the company's claim should be sustained by the court the treasurer would return the same, and, on the other hand, that if the claim of the treasurer should be sustained the same should be paid by him into the treasury of the Territory.

The amount of the capital stock of the company now authorized is the amount which it has issued, namely, $375,000, and does not include any increase of stock which, under its articles of association, the company may and, of course, may not issue. In other words, the tax is imposed, not upon the right of the company to issue new shares, but upon the capital stock issued or authorized by the company. The statute goes on to require a tax upon "increase of capital stock, twenty-cents for each thousand dollars of the total increase authorized." Whether authority for the increase is found in original or amended articles of association new shares, when issued, in either case, constitute an increase of capital stock and are taxable as such. Until the stock is issued there is none to be taxed.

The plaintiff may take judgment accordingly.

*L. J. Warren (Smith & Lewis* on the brief) for plaintiff.

*M. F. Prosser, Deputy Attorney General,* for defendant.